| | |
|---|---|
| TRUCENT RENEWABLE CHEMICALS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COVALENT CHEMICAL LLC, )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant has failed to respond, and the time for doing so has expired. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint against defendant alleging claims for breach of contract, account stated, and unjust enrichment. Defendant answered the complaint and filed counterclaims against plaintiff for breach of contract. The case proceeded through discovery, after which the instant motion was filed. Defendant, which is represented by counsel, has failed to respond to the motion for summary judgment within the time provided, nor has defendant requested any additional time within which to respond.

The material facts, which are undisputed, are as follows. *See* [DE 21]; Local Civil Rule 56.1. Plaintiff, Trucent, is a manufacturer of plant-based chemicals, with a focus on transforming natural oils into processed oils, including oleic acid. Defendant, Covalent, is a customer of Trucent.

Covalent is a wholesale specialty and commodity chemical supplier. Covalent purchases oils to manufacture its products.

In December 2020, the parties executed a nondisclosure agreement, which included a non-solicitation provision. In February 2022, Covalent contacted Trucent to request oleic acid specifications and pricing. Between March and October 2022, Trucent provided four orders of oleic acid to Covalent under four separate purchase orders. The four purchase orders totaled $176,350. *See* [DE 21 ¶10]. Covalent received invoices for its purchases and did not dispute the amounts reflected in the invoices. In November 2022, Trucent notified Covalent that payment had not been made on the April and June 2022 invoices. In June 2023, Trucent notified Covalent that four invoices from 2022 remained unpaid and that payment was due promptly. By letter dated June 30, 2023, Trucent notified Covalent that $176,350 was due and owing.

In late 2023, Trucent and Covalent engaged in settlement discussions, and Covalent agreed to make partial payments on the invoices. Covalent made one payment of $10,000 on February 1, 2024. As of October 16, 2024, Covalent owed Trucent $166,350.

As relates to Covalent's counterclaims, Covalent has not proffered any proof that Trucent's oleic acid was nonconforming. Covalent further expressly approved of Trucent hiring Michael Brubaker.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute

to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010). Thus, a court must "carefully consider the record before it, and determine[] whether [the moving party is] entitled to judgment as a matter of law." *Robinson*, 559 F.3d at 409 n.8.

Under North Carolina law, a claim for breach of contract must establish "(1) the existence of a valid contract and (2) a breach of the terms of that contract." *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 797 (E.D.N.C. 2019). Trucent has alleged that the purchase orders are valid and enforceable contracts. Compl. ¶ 18. There is no argument or evidence which would support a determination that the purchase orders are not valid, enforceable contracts. The

3

evidence supports that Trucent performed under the contracts by timely providing the requested quantities of oleic acid and that Covalent failed to perform under the contracts by not providing payment for product received. "A breach of a contract occurs where there is non-performance, unless the person charged shows some valid reason which may excuse the non-performance; and the burden of doing so rests upon him.'" *Abbington SPE, LLC v. U.S. Bank, Nat'l Ass'n*, 352 F. Supp. 3d 508, 517 (E.D.N.C. 2016) (cleaned up, citation omitted). Covalent has not come forward to create a genuine issue of material fact as to whether there was any valid reason which would excuse its failure to remit payment to Trucent. Trucent is entitled to summary judgment on its breach of contract claim.

"An account stated is a species of contract action, in which the plaintiff must prove that the defendant agreed to pay a specific account to the plaintiff." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990). "An account can only become an account stated by an admission of its correctness by the party charged, or by its receipt and failure to deny liability within a reasonable time." *Nello L. Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 530 (1962). "An account stated operates as a bar to any subsequent accounting except upon a specific allegation of facts constituting fraud or mistake." *Id.*

Trucent has proffered undisputed evidence that Covalent agreed it would pay Trucent pursuant to the purchase orders, and alternatively that Covalent did not deny liability on the purchase orders within a reasonable time. *See, e.g.,* [DE 23 ¶¶ 12; 13]. Trucent has demonstrated it is entitled to summary judgment on its account stated claim.

However, "because the Court has found the existence of a valid contract, Plaintiff's claim for unjust enrichment is precluded as a matter of law." *Mod. Ice Equip. & Supply Co. v. Snow Park USA, LLC*, No. 3:10-CV-134, 2011 WL 3515862, at *3 (W.D.N.C. Aug. 11, 2011); *see also Great*

4

*Am. Emu Co., LLC v. E.J. McKernan Co.*, 509 F. Supp. 3d 528, 538 (E.D.N.C. 2020) ("Where a breach of contract is asserted, the contract governs the claim and the law does not permit assertion of an unjust enrichment claim on the same basis."). Trucent's motion for summary judgment on this claim is therefore denied.

Trucent is further entitled to summary judgment in its favor on Covalent's counterclaims. Covalent has counterclaimed that it is entitled to damages on the contract because Trucent sold it oleic acid which did not comply with agreed upon specifications, and that the sale of such defective product constitutes a breach. However, and as discussed above, the record is devoid of any evidence which would create a genuine issue of material fact as to whether any oleic acid product sold by Trucent was nonconforming. Moreover, the record evidence in fact supports that Covalent did not, prior to this litigation, inform Trucent of any issues with the product and that there is no proof that any oleic acid was nonconforming. Trucent is entitled to summary judgment on Covalent's breach of contract counterclaim based on non-conforming product.

Covalent also alleges that Trucent breached the non-solicitation provision of the nondisclosure agreement when it hired Michael Brubaker, a former Covalent employee. But Trucent has proffered evidence that Covalent expressly approved of Trucent's hiring of Michael Brubaker. In the absence of any evidence or argument to the contrary, Trucent is entitled to summary judgment on Covalent's breach of contract counterclaim based on the nondisclosure agreement.

## CONCLUSION

Accordingly, and for the foregoing reasons, plaintiff's motion for summary judgment [DE 19] is GRANTED IN PART and DENIED IN PART.

Plaintiff is entitled to summary judgment in its favor on its first and second claims for relief. Plaintiff is awarded $166,350 in damages plus post-judgment pursuant to 28 U.S.C. § 1961. Plaintiff's third claim for relief is precluded as a matter of law in light of the foregoing. Plaintiff is further entitled to summary judgment in its favor on defendant's counterclaims.

The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this __2__ day of May 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:23-cv-00596-BO-BM   Document 24   Filed 05/05/25   Page 6 of 6